UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>IRIS RABAYA AU,<br>Aka, "The Goddess",<br>Defendant. | Case No. 2:25-cr-00140-PA<br><br>PRELIMINARY ORDER OF FORFEITURE |

Upon consideration of the application of Plaintiff, UNITED STATES OF AMERICA, for a Preliminary Order of Forfeiture, pursuant to the March 20, 2025, guilty plea of IRIS RABAYA AU ("defendant") to Count One of the Information, Federal Rule of Criminal Procedure 32.2(b), and good cause appearing thereon, IT IS HEREBY ORDERED:

**I. FORFEITABLE PROPERTY**

For the reasons set out below, any right, title, and interest of defendant in the following described property (hereinafter, the "Forfeitable Property") is hereby forfeited to the United States. The Court finds that the government has established the requisite nexus between the Forfeitable Property and the offenses described in

count two of the Information, which charged defendant with false subscription to a tax return, in violation of 26 U.S.C. § 7206(1) (Count 1). The Forfeitable Property is more particularly described as:

a. One 2022 Mercedes Benz GLS600Z4 VIN 4JGFF8HB1NA788488;

b. One 2018 Mercedes Benz GTCA VIN WDDYK8AA5JA022404;

c. One 2019 Porsche 911 VIN WP0AF2A91KS165252;

d. One 2019 Ferrari 488 Pista VIN ZFF90HLA9K0240288;

e. One 2022 Mercedes-Benz Metris VIN W1YV0CEY3N3966155;

f. All funds in HSBC Premier account number ending in '5108;

g. All funds in HSBC Premier account number ending in '5116;

h. All items seized from the premises located at 7 Via Brezza, Newport Coast, California, including:

1. fourteen Louis Vuitton bags;
2. one Prada bag;
3. one Bottega Venetta bag;
4. three Chanel bags;
5. two Celine bags;
6. one Burberry bag;
7. eight Hermes bags;
8. five Gucci bags;
9. two Dior bags;
10. one Balenciaga bag;
11. one black bag inscribed "Lord Tiana";
12. one pair of Tiffany earrings;
13. one Glock 19, 9mm pistol, serial number BRNW965;

and

14. one Smith & Wesson, M&P 15 rifle, serial number TP91684;

i. All items seized from the premises located at 43 Beach View Avenue, Dana Point, California 92629, including:

1. one black and yellow Jacob. & Co. "Godfather" watch; and

2. three "Godfather" sculptures.

## II. IMPLEMENTATION

IT IS FURTHER ORDERED AS FOLLOWS:

A. Upon the entry of this Order, and pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853, the United States Attorney General (or a designee) is authorized to seize the Forfeitable Property.

B. Upon entry of this Order, the United States is further authorized to conduct any discovery for the purpose of identifying, locating, or disposing of the Forfeitable Property subject to forfeiture pursuant to this Order, 21 U.S.C. § 853(m) and Federal Rule of Criminal Procedure 32.2(b)(3). "Any discovery" shall include all methods of discovery permitted under the Federal Rules of Civil Procedure.

C. Upon entry of this Order (and at any time in the future after amendment of the applicable order of forfeiture in this matter), the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this and any other Order affecting specific property. The following paragraphs shall apply to any ancillary proceeding conducted in this

matter:

1) Pursuant to 21 U.S.C. § 853(n)(1) and Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government shall forthwith publish for at least thirty (30) consecutive days on an official government website notice of this order and any other Order affecting the Forfeitable Property, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the publication of notice or receipt of actual notice, whichever is earlier. The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Forfeitable Property.

2) Any person other than defendant asserting a legal interest in the Forfeitable Property may, within thirty days of the publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2).

3) Any petition filed by a third party asserting an interest in the Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in such property, the time, and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. 21 U.S.C. § 853(n)(3).

4) The United States shall have clear title to the Forfeitable Property following the Court's disposition of all third-party interests or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

D. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to defendant at sentencing and shall be made part of his sentence and included in his judgment.

E. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

September 18, 2026
DATE

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
MAXWELL COLL
Assistant United States Attorney